IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA ROSE JOYNER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:25-cv-1684 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| FRANK BISIGNANO, | ) | |
| *Commissioner of Social Security*, | ) | Re: ECF No. 8 |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is the Brief in Support of Relief, ECF No. 8, filed by Plaintiff Jessica Rose Joyner ("Plaintiff"), appealing the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.* The Commissioner has filed a Brief in Opposition, ECF No. 9, and Plaintiff has filed a Reply Brief, ECF No. 10.[1]

Upon consideration of the parties' filings, and after reviewing the Commissioner's decision, the Court finds that the Commissioner's findings are supported by substantial evidence and will affirm. See 42 U.S.C. § 405(g); Biestek v. Berryhill, 587 U.S. 97, 102-03 (2019);

1 Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 12, 13.

Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs, 48 F.3d 114, 117 (3d Cir. 1995) (citing Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988)).

## I. BACKGROUND

Plaintiff protectively filed claims for DIB and SSI effective June 2, 2022, claiming that she became disabled on March 21, 2021. AR at 17, 216-22.[2] After being denied initially on March 23, 2023, and upon reconsideration on October 26, 2023, Plaintiff sought, and obtained, a telephone hearing before an Administrative Law Judge ("ALJ") on August 2, 2024. Id. at 17, 64-85, 86-112, 214-15, 35-58. In a decision dated August 15, 2024, the ALJ denied Plaintiff's request for benefits, finding that she was able to perform jobs that exist in significant numbers in the national economy. Id. at 17-34. On September 3, 2025, the Appeals Council declined to review the decision. Id. at 1-3. Plaintiff has filed an appeal with this Court and has filed a Brief in Support of Relief, ECF No. 8, to which the Commissioner has filed a Brief in Opposition, ECF No. 9.

On appeal, Plaintiff argues that the ALJ failed to properly evaluate the medical opinion of her treating physician, Dr. Denisa Firoiu, AR at 1563-70, pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. She further contends that the ALJ failed to adequately explain the basis for his findings regarding Plaintiff's need to be off-task. As discussed herein, the Court disagrees, finds that the ALJ's consideration of the medical opinions, including that of Dr. Firoiu, comported with the requirements of Sections 404.1520c and 416.920c, and finds that substantial evidence supports the ALJ's finding regarding Plaintiff's need to be off-task 10 percent of the workday excluding normal and traditional breaks. Accordingly, the Court finds that the record sufficiently supports the ALJ's ultimate determination that Plaintiff was not disabled.

---

2 The Court will refer to the Administrative Record, docketed at ECF No. 6, as "AR."

## II. STANDARD OF REVIEW

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See 42 U.S.C. § 405(g); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence); Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). If the district court finds this to be so, it must uphold the Commissioner's final decision. See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process to guide ALJs in determining whether a claimant is under a disability as defined by the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity ("SGA"). If he or she is not engaging in such activity, at Step Two, the ALJ determines whether the claimant is suffering from a severe impairment. If so, the ALJ proceeds to Step Three to determine whether the claimant's impairment meets or equals the criteria for a listed impairment. If a claimant satisfies a listing, a finding of disability is automatically directed. If the claimant does not satisfy a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"), which is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. See Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At Step Four, it is the claimant's

burden of demonstrating an inability to perform his or her past relevant work. If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to Step Five. At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.

## III. ALJ DECISION AND PLAINTIFF'S POSITION

The ALJ determined that Plaintiff was not disabled after applying the five-step process. First, he found that Plaintiff had not engaged in SGA through the alleged onset date of March 21, 2021. AR at 19.[3] After finding that Plaintiff suffered from several severe impairments, including Lyme disease, scoliosis, and migraines, none of which met or equaled a listing, the ALJ proceeded to determine Plaintiff's RFC. Id. at 20-23. The RFC, as found by the ALJ, restricted Plaintiff to a limited range of sedentary work with additional postural, environmental, and mental restrictions, as well as a limitation to being off-task 10 percent of the workday in addition to normal and traditional breaks. Based on that RFC, the ALJ found that Plaintiff was not disabled because she was capable of performing work in the national economy, including the representative occupations of order clerk, information clerk, and table worker. Id. at 23-34.

As noted above, Plaintiff raises two challenges to these findings. First, she argues that the ALJ failed to properly evaluate the medical opinion of her treating physician, Dr. Firoiu. Specifically, she asserts that the ALJ did not adequately analyze the supportability or the consistency of Dr. Firoiu's opinion pursuant to 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). ECF No. 8 at 11-17. She further contends that the ALJ failed to adequately

---

3 The ALJ also found that Plaintiff met the insured requirements to qualify for DIB through June 30, 2026. Id.

explain the basis for finding that Plaintiff would need to be off-task 10 percent of the workday excluding normal breaks in formulating her RFC. Id. at 17-20.

## IV. DISCUSSION

### A. Dr. Firoiu's Opinion

As Plaintiff points out, for cases such as this one, filed on or after March 27, 2017, the amended regulations set forth in Sections 404.1520c and 416.920c apply to an ALJ's consideration of medical opinion evidence. Under the amended version of the regulations, the most important factor to be considered is no longer an opining source's treating relationship with the claimant, but rather, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability," and the ALJ must articulate how these two factors were considered. 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). See also 20 C.F.R. §§ 404.1520c(b), (c) and 416.920c(b), (c). Plaintiff argues that the ALJ failed to do so here in regard to Dr. Firoiu's opinion.

Under the SSA regulations, supportability is a measure of the relevancy of "objective medical evidence and supporting explanations presented by a medical source . . . to support his or her medical opinion(s)." Id. §§ 404.1520c(c)(1), 416.920c(c)(1). "Simply put, supportability is an inquiry geared toward assessing how well a medical source supported and explained their opinion(s)." Acosta Cuevas v. Comm'r of Soc. Sec., No. 20-cv-0502, 2021 WL 363682, at *10 (S.D.N.Y. Jan. 29, 2021), report and recommendation adopted, No. 20-cv-0502, 2022 WL 717612, at *1 (S.D.N.Y. Mar. 10, 2022). Consistency, on the other hand, measures the agreeableness of medical opinions with "evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The consistency factor therefore focuses on "how well a medical source is supported, or not supported, by the entire

record." Acosta Cuevas, 2021 WL 363682, at *10. See also Cook v. Comm'r of Soc. Sec., No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

Although an ALJ must discuss both supportability and consistency when evaluating medical opinion evidence, "[t]o satisfy this requirement, a judge need not reiterate the magic words 'support' and 'consistent' for each doctor." Zaborowski v. Comm'r of Soc. Sec., 115 F.4th 637, 639 (3d Cir. 2024). It is sufficient that the ALJ "weave" this analysis throughout the decision. Id. This is, of course, consistent with the well-established principle that an ALJ's decision must be "read as a whole" and that ALJs are not beholden to any "particular language" or "particular format." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). The Court must therefore consider the ALJ's decision as a whole in determining whether she appropriately considered the supportability and consistency factors. See Gina G. v. O'Malley, Civ. No. 23-21007, 2024 WL 4285426, at *5 (D. N.J. Sept. 25, 2024).

Here, the record shows that the ALJ did just that, as he provided a lengthy and detailed consideration of both factors. He first considered Dr. Firoiu's opinion in the context of her own treatment records, which goes to the opinion's supportability. See Sibio v. Kijakazi, No. 4:20-cv-1339, 2022 WL 743879, at *6 (M.D. Pa. Mar. 11, 2022). The ALJ noted that this opinion, which provided for numerous severe restrictions to Plaintiff's RFC, was "extreme in light of her own treatment notes." AR at 32. He discussed the relatively limited treatment provided by Dr. Firoiu, which generally consisted of medication refills, and her clinical findings, which demonstrated some limited abnormalities but also "noted normal muscle strength and no gross neurological deficits throughout the relevant period, which is not consistent with her opined limitations." Id. The ALJ noted specifically that Dr. Firoiu's opinion that Plaintiff was required to elevate her leg for 100 percent of the workday, id. at 1565, was completely unsupported by her

treatment records, which contained no such recommendation and no clinical findings that would support such a restriction, id. at 32.

The ALJ then dedicated a paragraph to discussing the consistency of Dr. Firoiu's opinion to the record as a whole. He first explained that the examination findings of the other medical providers of record did not demonstrate significant abnormalities consistent with Dr. Firoiu's highly restrictive RFC opinion. He also acknowledged that Dr. Firoiu's opinion was inconsistent with those of several consulting examiners and reviewing agents, all of whom opined to far less restricted functional abilities. Id. He further discussed that certain of Dr. Firoiu's opined restrictions, particularly involving manipulative activities, off-task time, and interference with attention and concentration, were also inconsistent with Plaintiff's reported activities of daily living. Id.

Plaintiff argues that this analysis was insufficient in several ways. First, she contends that the ALJ did not consider all of the evidence that she argues was consistent with Dr. Firoiu's opinion. However, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 764 (3d Cir. 2009). Regardless, as noted above, the ALJ acknowledged that the record contained some abnormal clinical findings but explained that such findings were outweighed by other evidence in the record in light of Dr. Firoiu's "extreme" opined limitations. If supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); Monsour Med.

Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[4]

Plaintiff further argues that the ALJ improperly considered his activities of daily living in evaluating Dr. Firoiu's opinion and in formulating the RFC. Similar claims arise in a number of Social Security disability cases and raise a similar dilemma. There is, of course, nothing inappropriate with an ALJ considering a claimant's activities of daily living in evaluating the severity of the claimant's symptoms and limitations. In fact, ALJs are required to do so. See 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Wright v. Astrue, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011). However, as Plaintiff points out, in performing this analysis, an ALJ cannot use evidence of sporadic and transitory activities to demonstrate an ability to engage continuously in substantial gainful activity. See Fargnoli v. Astrue, 247 F.3d 34, 40 n.5 (3d Cir. 2001). Therefore, the question is whether the ALJ's proper consideration of Plaintiff's daily activities veered into an improper reliance on sporadic and transient activities. Here, it did not.

The ALJ's consideration of Plaintiff's activities of daily living in this matter fairly addressed the nature of those activities and explained how the activities related to Plaintiff's functional capacity. AR at 26-27, 32. In any event, the ALJ did not rely solely on these daily activities in evaluating Dr. Firoiu's opinion or in determining the RFC, but rather considered them within a larger context that included the objective medical evidence, Plaintiff's treatment

---

4 Plaintiff also suggests that the ALJ disregarded some of the supporting explanations for the opinion provided by Dr. Firoiu. ECF No. 8 at 13. However, the Court again emphasizes that the ALJ considered evidence of abnormal clinical findings from Dr. Firoiu's records in making his determination. The Court further notes that the "supporting explanations" at issue were contained in the type of "[f]orm report[] in which a physician's obligation is only to check a box or fill in a blank" which the United States Court of Appeals for the Third Circuit has held constitutes "weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993).

history, and the other medical opinions of record. In other words, the ALJ treated Plaintiff's activities of daily living just as he was required to pursuant to Sections 404.1529 and 416.929.

The Court therefore finds that the ALJ adequately explained his consideration of Dr. Firoiu's opinion and that substantial evidence supports his determination.

**B. Off-Task Time**

Plaintiff next argues that the ALJ failed to adequately explain the basis for finding that she would need to be off-task 10 percent of the workday excluding normal breaks in formulating her RFC. ECF No. 8 at 17-20. In so asserting, she cites, *inter alia*, Oakes v. Saul, No. Civ. 18-1648, 2019 WL 6338465 (W.D. Pa. Nov. 27, 2019), where the district court noted that "[a]lthough the ALJ included some breaks and time off-task in Plaintiff's RFC, since he did not explain his reasons for including those breaks, nor did he explain how he determined that the breaks included in the RFC were appropriately tailored to Plaintiff's needs, it is not clear to the Court whether those breaks are based on substantial evidence or whether such breaks do in fact adequately accommodate Plaintiff's ... symptoms." Id. at *4. However, the situation here is far different than that in Oakes.

The Court first notes that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 F. App'x 6, 11 (3d Cir. 2006). See also Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 362 (3d Cir. 2011) (holding that each fact incorporated into the RFC need not have been found by a medical expert). Therefore, there was no requirement that the ALJ cite any specific physician's opinion to directly support an RFC limitation to being off-task 10 percent of the workday. That said, "merely because an ALJ does not need to rely on the specific opinion of a physician does not absolve him or her of explaining how the ultimate RFC findings are

supported by substantial evidence." Wilson v. Kijakazi, No. Civ. 22-773, 2023 WL 6382544, at *1 (W.D. Pa. Sept. 29, 2023). The ALJ here did just that.

Unlike in cases such as Oakes, the ALJ here specifically discussed how he determined that Plaintiff was limited to being off-task 10 percent of the workday excluding normal breaks. He explained that such a restriction was warranted to account for Plaintiff's symptoms, particularly her pain and fatigue, and that "[t]he record does not support further limitations," citing to specific evidence within the context of discussing the record as a whole. AR at 26-27. The ALJ further indicated that he found Dr. Firoiu's opinion that Plaintiff needed constant unscheduled breaks and numerous absences to be unpersuasive and explained his reasons for so finding. AR at 31-32. All of this constitutes substantial evidence in support of the ALJ's findings regarding Plaintiff's need to be off-task, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high." Biestek, 587 U.S. at 103.[5]

Accordingly, the Court finds that the ALJ's RFC determination, including the limitation regarding off-task time, was supported by substantial evidence.

## V. CONCLUSION

For all of the foregoing reasons, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports his decision. It will therefore affirm.

---

5 The Court further notes that several district courts have found it to be questionable whether opinions as to how much time a claimant will be off-task or how many days of work a claimant will miss truly constitute medical opinions. See Rush v. Comm'r of Soc. Sec., No. Civ. 18-10612, 2018 WL 6175374, at *3 (E.D. Mich. Oct. 5, 2018); Long v. Berryhill, No. 1:16-cv-485, 2018 WL 1162621, at *5 (E.D. Tenn. Mar. 5, 2018); Stojic v. Comm'r of Soc. Sec., No. 1:14-cv-1133, 2015 WL 9238986, at *4 (W.D. Mich. Dec. 17, 2015) (stating that "predictions of how often Plaintiff would likely be off task and miss work were conjecture, not a medical opinion").

AND NOW, this 26th day of October 2026, IT IS HEREBY ORDERED that Plaintiff's Brief in Support of Relief, ECF No. 8, is DENIED and that the Commissioner's decision denying Plaintiff's claim for DIB and SSI is AFFIRMED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order, he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court.

Respectfully submitted,

Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF